GC93ROBC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                        16 CR 333 (VM)

JESSICA ROBBINS,

            Defendant.

------------------------------x

                                    New York, N.Y.
                                    December 9, 2016
                                    2:15 p.m.

Before:

                   HON. VICTOR MARRERO,

                              District Judge

                      APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
ALLISON NICHOLS
     Assistant United States Attorney

DIAZ & MOSKOWITZ PLLC
     Attorneys for Defendant
JOHN DIAZ

1   THE COURT:  This is a proceeding in the matter of
2   United States v. Robbins, docket number 16 CR 0333.  Counsel,
3   please enter your appearances for the record.
4   MS. NICHOLS:  Allison Nichols for the government.
5   Good afternoon, your Honor.  And AUSA Fletcher apologizes, she
6   had a scheduling conflict, but she's filled me on the case.
7   MR. DIAZ:  Good afternoon.  John Diaz appearing for
8   Ms. Jessica Robbins, pursuant to the Criminal Justice Act.
9   THE COURT:  Thank you.  The Court notes for the record
10  that the defendant is present in the courtroom seated next to
11  her attorney.
12  The Court scheduled this conference to review the
13  status of the matter.  The Court received a submission from the
14  defendant through counsel dated December 5, 2016, enclosing a
15  copy of an evaluation of the defendant by Dr. Ziv Cohen that
16  was authorized by the Court by order dated October 11.
17  The report concludes with the doctor's determination,
18  which he asserts to a reasonable degree of medical certainty,
19  that the defendant lacks competency to stand trial and
20  consequently recommends that the defendant be transferred to a
21  forensic psychiatric hospital for treatment of the
22  psychological condition that the report documents.
23  Ms. Nichols, does the government have any view
24  concerning this matter?
25  MS. NICHOLS:  Yes, your Honor.  After speaking with

1     AUSA Fletcher and with Mr. Diaz, it is my understanding that
2     neither party intends to contest the findings of the expert,
3     and we would ask that Ms. Robbins be sent to a facility so she
4     can receive treatment.
5              THE COURT:  Thank you.  Mr. Diaz.
6              MR. DIAZ:  Your Honor, I have discussed the report and
7     its conclusions with my client.  I have also spoken to my
8     client's mother at length regarding this matter.  And at this
9     time, your Honor, we are not seeking to controvert the findings
10    of Dr. Cohen, and my client would consent to being transferred
11    into the custody of the attorney general and transferred to a
12    forensic psychiatric facility.
13             THE COURT:  Thank you.
14             MR. DIAZ:  I'm sorry, your Honor, just if the Court is
15    inclined to grant the request, I don't know what power the
16    Court has as far as recommending a facility and a location.  I
17    know that there is a facility in North Carolina, Butner.  My
18    client's mother travels there frequently on business, and if
19    she would be transferred there, my client's mother would be
20    able to visit her.
21             THE COURT: All right.  Thank you.  That does raise a
22    question of implementation.  Ordinarily, it is the bureau of
23    prisons that has custody of defendants at this stage.  But if
24    the defendant is not going to be transferred to a facility of
25    the bureau of prisons, then -- perhaps this is a question for

Case 1:16-cr-00333-VM   Document 49   Filed 01/09/17   Page 4 of 6    4
GC93ROBC

1    the government -- to whom is the Court's order addressed?  Who
2    would have custody from this point forward to carry out the
3    Court's order of treatment under these circumstances?
4              MS. NICHOLS:  Your Honor, my understanding is she
5    would be transferred to the custody of the attorney general for
6    this to be facilitated, and we would be happy to look into that
7    a bit further and submit perhaps a proposed order for your
8    Honor's consideration.
9              THE COURT:  All right.  Why don't you do that.  That
10   would be very helpful.  And if that proposed order could
11   examine the requests of Mr. Diaz for a facility in the area
12   that he has indicated, that would be helpful as well.
13             MS. NICHOLS:  Of course.
14             THE COURT:  Thank you.
15             I will consequently accept the findings and
16   recommendations of the report prepared by Dr. Cohen regarding
17   defendant Jessica Robbins, and direct that Ms. Robbins be held
18   in custody for treatment in a forensic psychiatric hospital for
19   the conditions set forth in the report by Dr. Cohen.  And that
20   for this purpose, she be under the supervision and custody of
21   the attorney general.
22             The U.S. attorney will submit an appropriate order for
23   the Court's consideration carrying out this determination.
24             Is there anything else, Ms. Nichols?
25             MS. NICHOLS:  Yes, your Honor.  It is my understanding

(212) 805-0300

1    that typically in these situations there would be a control
2    date for four months out to examine the defendant's progress
3    with her treatment. I don't know if your Honor wants to set
4    that now or wait until the order goes into effect, but in
5    either respect we would ask that time be excluded.
6              THE COURT: All right. Thank you. Mr. Diaz?
7              MR. DIAZ: We would have no objection.
8              THE COURT: All right. Ms. Nichols, if you would in
9    the proposed order set forth a specific time by which there
10   would be some form of update. And in the meantime, the
11   government has moved for exclusion of time under the Speedy
12   Trial Act from today through a date four months out.
13             THE DEPUTY CLERK: April 7. We can do 10 a.m.
14             MR. DIAZ: April 7, that's fine.
15             MS. NICHOLS: That's fine, thank you.
16             MR. DIAZ: I'm sorry, your Honor.
17             THE COURT: The motion for exclusion of time pursuant
18   to the Speedy Trial Act. No objection is recorded by
19   defendant. The motion is granted. I find that the reasons
20   conveyed to the Court warrant the exclusion of time as it is
21   intended to ensure the effective representation of counsel and
22   to prevent any miscarriage of justice. I find that the
23   exclusion of time is appropriate and reasonable under the
24   provisions of the Speedy Trial Act.
25             Mr. Diaz.

1     MR. DIAZ:  Yes, your Honor, I apologize for not
2 including this in my initial letter.  But I would just finally
3 ask if your Honor can keep the report from Dr. Cohen under seal
4 as a result of the contents and diagnosis that are contained
5 therein, your Honor.
6     THE COURT:  Yes.  The Court has accepted the report
7 and it has been docketed under seal.
8     MR. DIAZ:  Thank you, your Honor.
9     THE COURT:  If there is nothing else, I thank you.
10 Have good day and a good weekend and a good holiday.
11     MR. DIAZ:  Thank you, your Honor.
12     MS. NICHOLS:  Thank you, your Honor.
13                              o0o
14
15
16
17
18
19
20
21
22
23
24
25